UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CLARENCE NEVILLS**  **CASE NO. 6:25-CV-00959**

**VERSUS**  **JUDGE DAVID C. JOSEPH**

**LIBERTY PERSONAL INSURANCE CO**  **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM RULING

Before the Court is Defendant's Motion to Stay Pursuant to La. R.S. 22:1892.2. (Rec. Doc. 8). Plaintiff opposes the Motion (Rec. Doc. 11), and Defendant replied. (Rec. Doc. 15). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, Defendant's Motion is DENIED.

### Facts and Procedural History

On May 20, 2025, Plaintiff filed a Petition for Damages in state court against Defendant after Plaintiff's property was damaged during several windstorms and/or tornados on or about April 10, 2024. (Rec. Doc. 1-2, p. 2). At the time the damage was sustained, Plaintiff was covered by an insurance policy issued by Defendant. (*Id*.). After Plaintiff reported his losses to Defendant, and after various adjusters and other professionals retained and/or employed by Defendant inspected the property, Plaintiff alleges that the payments made by Defendant were "woefully inadequate to

cover the costs to repair the damages to the property caused by the storms, which damages were clearly visible to the adjusters or other professionals…at the time of their inspections." (*Id*. at ¶ 6). The parties do not dispute that Plaintiff suffered a "catastrophic loss" within the meaning of La. R.S. 22:1892(B)(1)(c). Relevant to the present matter, Plaintiff maintains Defendant is liable "for a penalty of 50%, in addition to the amount of the loss, on the amount due from [Defendant], as well as reasonable attorney's fees and costs, for [Defendant's] failure to unconditionally tender the amounts owed to [Plaintiff] within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause" pursuant to La. R.S. 22:1892. (*Id*. at ¶ 11). The matter was removed on July 3, 2025, pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1).

Defendant maintains that Plaintiff's bad faith claims are governed by La. R.S. 22:1892.2 which went into effect on July 1, 2024, and argues that this suit must be stayed because Plaintiff did not send the required cured period notice prior to filing suit. (Rec. Doc. 8). Plaintiff contends that La. R.S. 22:1892.2 is not applicable to this action because it was enacted after satisfactory proof of loss and Defendant's alleged bad faith and is not retroactive. (Rec. Doc. 11).

## Law and Analysis

When Plaintiff suffered his losses in April 2024, La. R.S. 22:1892 was in effect and provided plaintiffs the right to recover a 50% penalty plus attorney's fees and reasonable costs if an insurer's initial payment was proven to be arbitrary, capricious, or without probable cause, and this right could not be cured and reduced by later actions. In contrast, on July 1, 2024, La. R.S. 22:1892.2 was enacted which changed the law governing catastrophic losses to require plaintiffs to send a cure period notice as a condition precedent to filing suit and caps attorney's fees, penalties, and costs to 20% of the amount recovered. Pursuant to La. R.S. 22:1892.2(C):

> (1) As a condition precedent to bringing an action pursuant to this Section, the insurer shall be given sixty days' written notice of the violation by the insured or his representative, hereinafter referred to in this Section as the "cure period notice".
>
> (2) The cure period notice may be provided through either a form transmitted by the department or by formal written demand providing sufficient notice of the facts and circumstances of the dispute.
>
> (3) If the insurer pays within sixty days after the insurer receives a cure period notice the full amount alleged to be due in the notice, together with any actual expenses incurred by the insured and claimed in the notice, including any attorney fees, not to exceed twenty percent of the amount alleged to be due under the policy, there shall be no further cause of action pursuant to this Section regarding that noticed demand.
>
> (4) If the insurer does not pay the full amount demanded by the cure period notice as provided for in Paragraph (3) of this Subsection but

3

does make a partial payment within sixty days of the insurer's receipt of the cure period notice, the penalty otherwise due, if any, on the amount actually paid by the insurer within sixty days of the insurer's receipt of the cure period shall be reduced by half.

(5) The insurer that is the recipient of a cure period notice shall respond to the insured or his representative within sixty days.

(6) If a cure period notice is transmitted within the last ninety days prior to the running of prescription, the applicable prescriptive period for an action filed pursuant to the provisions of this Section, or for an action concerning the underlying policy dispute, shall be suspended for a period until thirty days after the insurer transmits its written response to the cure period notice.

(7) If any suit is filed prior to transmitting the cure period notice required by this Subsection, it shall be automatically stayed until sixty days after the cure period notice is received. The delay for answering any suit shall automatically be extended until thirty days after the end of the cure period. If the insurer timely pays the full amount demanded as provided for in Paragraph (3) of this Subsection, any cause of action prematurely filed shall be subject to dismissal at the insured's cost.

The parties agree that La. R.S. 22:1892.2 does not apply retroactively to bad faith conduct occurring prior to its effective date. Rather, the dispute is whether/when bad faith conduct occurred in this action and whether/when Defendant received satisfactory proof of Plaintiff's loss. Per Defendant,

> [Defendant] inspected Plaintiff's property and issued an undisputed payment within 30 days of the date of loss. Since then, [Defendant] has not received information from Plaintiff regarding what he contends is owed for said property damages. Therefore, [Defendant] avers that the bad faith cause of action has not yet arisen and the amendments to La. R.S. 22:1892 would apply if and when it did.

4

(Rec. Doc. 8-1, pp. 2-3). Defendant also contends that they did not have satisfactory proof of loss such that their obligations under La. R.S. 22:1892 were triggered. (Rec. Doc. 15, p. 1).

Plaintiff maintains that "[t]he alleged bad faith conduct here (the failure to timely and adequately compensate [Plaintiff]) occurred well before the statute's effective date." (Rec. Doc. 11, p. 18). Specifically, Plaintiff asserts that Defendant had adequate proof of loss when Defendant's adjuster inspected the property and they made their initial payment. (*Id*. at p.11). This Court agrees. Per the Fifth Circuit, satisfactory proof of loss can be when the insurance company receives their adjuster's estimate. *French v. Allstate Indem. Co*., 637 F.3d 571 (5th Cir. 2011). Specifically, the Fifth Circuit found that

> "satisfactory proof of loss" under § 22:658 "is only that which is sufficient to fully apprise the insurer of the insured's claims." "[P]roof of loss is a flexible requirement to advise an insurer of the facts of the claim," and "it need not be in any formal style."

*Id*. at 586 (internal citations omitted).

Here, Defendant's adjuster prepared a 60-page damage estimate document with pictures, measurements, and calculations following an inspection. (Rec. Doc. 11-1). As in *French*, the Court finds that Defendant received satisfactory proof of loss to trigger their obligations under La. R.S. 22:1892, and this proof was received prior to the enactment of La. R.S. 22:1892.2 on July 1, 2024. Indeed, Defendant's

damage estimate document is dated April 29, 2024, and payment was tendered on or about May 3, 2024. (Rec. Docs. 11-1 & 11-2). Whether this tendered payment was arbitrary, capricious, or without probable cause is a question for the factfinder.

As an alternative request for relief, Defendant requests the Court to dismiss "any claims by Plaintiff for bad faith that arose on or after July 1, 2024." (Rec. Doc. 15). However, Plaintiff's allegations of bad faith stem from the initial payment which was tendered prior to July 1, 2024. Should additional claims of bad faith arise, Defendant may properly raise their arguments in a Motion to Dismiss.

## Conclusion

For the reasons discussed herein, Defendant's Motion to Stay (Rec. Doc. 8) is DENIED.

THUS DONE in Chambers, Lafayette, Louisiana on this 30th day of July, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE